UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------x
Dr. Lem Burnham and Barbara Burnham,
Individually & as h/w
109 Muirfield Court                                          07CV6101 (JBS) (KMW)
Moorestown, NJ 08057,

       Plaintiffs,

 -against-

WMC Mortgage Corp., Mortgage Electronic Registration
Systems, Inc., HomEq Servicing Corporation, Barclays
Capital Real Estate, Inc., d/b/a HomEq Servicing, Apex
Financial Group, Inc. d/b/a Aapex Mortgage, Darren Ginas
d/b/a Apex Financial Group, Inc. d/b/a Aapex Mortgage,
and Wells Fargo Bank, N.A.,

       Defendants.
------------------------------------x

## LOCAL RULE 56.1 STATEMENT IN REPLY TO PLAINTIFFS' STATEMENT OF UNCONTESTED FACTS IN OPPOSITION TO DEFENDANT WMC'S MOTION FOR SUMMARY JUDGMENT[1]

  Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the District of New Jersey, Defendant WMC Mortgage LLC ("WMC") the successor-in-interest to WMC Mortgage Corp., by and through its attorneys Dorsey & Whitney LLP, submits this reply Statement of Uncontested Facts in response to Plaintiffs' Statement of Uncontested Facts in Opposition to Defendant WMC's Motion for Summary Judgment:

  1.  Disputed. Plaintiffs each received two (2) copies of the Notices of Right to Cancel ("Notice") for both loans from WMC. Plaintiffs acknowledged in writing that they each received two copies and during their depositions and they each acknowledged their signatures on

---

[1] Plaintiffs' Statement of Uncontested Facts in Opposition to Defendant WMC's Motion for Summary Judgment ("56.1 Statement") does not comport with Local Rule 56.1, which directs parties opposing summary judgment to provide a supplemental statement of "disputed material facts," *see* L.Civ.R. 56.1(a). Instead, Plaintiffs use their Statement of Uncontested Facts to set out their legal and factual arguments in opposition to the Motion for Summary Judgment. This violation notwithstanding, WMC will—where possible—adhere to Local Rule 56.1 in this Statement by replying to Plaintiffs' "uncontested facts" as if they were assertions of "disputed material facts."

the signed and dated Notices. *See* Scheffel Reply Dec., Exs. C and D (signed notices for both loans indicating that Plaintiffs each received two copies of the notices of right to cancel).

2. Disputed. Both Notices were dated, and included the date of the transaction, and the deadline date for rescission. *See* Scheffel Reply Dec., Exs. C and D.

3. Paragraph 3 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed necessary, WMC disputes paragraph 3 of Plaintiffs' 56.1 Statement

4. Paragraph 4 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed necessary, WMC disputes paragraph 4 of Plaintiffs' 56.1 Statement

5. Disputed. See responses to ¶¶ 1-2 above.

6. Paragraph 6 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed required, WMC disputes paragraph 6 of Plaintiffs' 56.1 Statement

7. Disputed. Plaintiffs made an error in subtraction. Per the formula and values provided by Plaintiffs, the pre-paid finance charge disclosed by WMC is $38,984.78, not $38,934.78; ($937,500 loan amount - $898,515.22 disclosed amount financed = $38,984.78).

8. Paragraph 8 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed required, WMC disputes paragraph 8 of Plaintiffs' 56.1 Statement

9. Admitted.

10. Disputed. See response to ¶7 above.

11. Disputed. Plaintiffs were charged $2,026.00 for title insurance for the First Loan. *See* Scheffel Reply Dec., Ex. E.

12. Paragraph 12 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed required, WMC states that plaintiffs were charged an appropriate amount for title insurance, which was $2,026. Scheffel Reply Decl., Ex. E.

13. Paragraph 13 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed required, WMC disputes paragraph 13 of Plaintiffs' 56.1 Statement. Scheffel Reply Decl., Ex. E.

14. Paragraph 14 of Plaintiffs' 56.1 Statement contains legal conclusions, which are inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed necessary, WMC disputes paragraph 14 of Plaintiffs' 56.1 Statement.

15. Disputed. See response to ¶¶ 1-2 above.

16. Disputed. See response to ¶¶ 1-2 above.

17. Disputed. See response to ¶¶ 1-2 above.

18. Disputed. Plaintiffs offer no evidence whatsoever to support the allegation contained in Paragraph 18.

19. Paragraph 19 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed necessary, WMC disputes paragraph 19 of Plaintiffs' 56.1 Statement.

20. Paragraph 20 of Plaintiffs' 56.1 Statement contains a legal conclusion, which is inappropriate for a Local Rule 56.1 statement and therefore no response is required. To the extent a response is deemed necessary, WMC disputes paragraph 20 of Plaintiffs' 56.1 Statement.

21. Disputed. See response to ¶18 above.

Dated: May 10, 2009

DORSEY & WHITNEY LLP

By: /s/ David A. Scheffel
David A. Scheffel, Esq.
*Attorneys for Defendant*
*WMC Mortgage LLC*
250 Park Avenue
New York, New York 10177
(212) 415-9200

4811-2284-3653\1