EXHIBIT A



FILED
SUPERIOR COURT OF NJ
JUN 2 3 2009

FCZ 86377/cf-o
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

| | |
|---|---|
| Wells Fargo Bank, NA, as Trustee | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BURLINGTON COUNTY |
| Plaintiff, | DOCKET NO. F-10370-07 |
| vs. | Civil Action |
| Lem Burnham, et al | **FINAL JUDGMENT** |
| Defendants. | **ENTERED ON ACMS** |

This matter being opened to the Court by ZUCKER, GOLDBERG & ACKERMAN, LLC, attorneys for plaintiff, and it appearing that Summons, Complaint and Amendment to Complaint, if any, have been duly issued and returned served upon the following defendants, who have filed an answer, which does not dispute the priority or validity of the plaintiff's mortgage:

None;

The contesting answer filed on behalf of Lem Burnham, was stricken by Consent Order filed on April 8, 2008 and entered by the Honorable Ronald E. Bookbinder, P.J.C.h. ~~as follows:~~

~~ORDERED that defendant, Lem Burnham's contesting answer is hereby stricken; and~~

~~IT IS FURTHER ORDERED that default is hereby entered against all defendants; and~~

~~IT IS FURTHER ORDERED that this matter shall be transferred to the Foreclosure Unit to proceed as an uncontested foreclosure; and~~

~~IT IS FURTHER ORDERED that plaintiff shall be entitled to immediately resume prosecution of the foreclosure in the Foreclosure Unit; and~~

~~IT IS FURTHER ORDERED that plaintiff shall not conduct a sheriff sale of the subject property before July 28, 2008; and~~

~~IT IS FURTHER ORDERED that plaintiff agrees to waive any deficiency resulting from this foreclosure action; and~~

~~IT IS FURTHER ORDERED that defendant shall dismiss, with prejudice, the pending Federal District Court lawsuit, bearing docket number 07-cv-6101-JBS-JS, docketed in the United States District Court, District of New Jersey, as to defendants Mortgage Electronic Registration Systems, Inc., HomEq Servicing Corporation, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing and Wells Fargo Bank, N.A.; and~~

~~IT IS FURTHER ORDERED that defendant shall execute a Release of any and all claims, known or unknown, that he may have against Mortgage Electronic Registration Systems, Inc., HomEq Servicing Corporation, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing, Wells Fargo Bank, N.A. and Wells Fargo Bank as Trustee; and~~

And it further appearing that service of the Summons, Complaint and Amendment to Complaint, if any, has been made upon the following defendants, in accordance with the rules of this court, and default having been entered against said defendants:

**Barbara Burnham; Mortgage Electronic Registration Systems, Inc., as nominee for HomEq Servicing;**

and the plaintiff's adjustable rate note, mortgage and assignment of mortgage, if any, having been presented and marked as exhibits by the Court, and proofs having been submitted of the amount due on plaintiff's obligation and mortgage and sufficient cause appearing;

IT is on this 22nd day of June, 2009,

ORDERED AND ADJUDGED that the plaintiff is entitled to have the sum of $1,201,116.86, together with lawful interest from 06/30/2009 ~~on the total sum due plaintiff~~ together with costs of this suit to be taxed, including a counsel fee of $2500.00 raised and paid in the first place out of the mortgaged premises; and it is further

ORDERED that the plaintiff or its assignee or any purchaser under the foreclosure sale duly recover against the following defendants   Lem Burnham and Barbara Burnham, husband and wife and all parties holding under said defendants the possession of the premises mentioned and described in the said Complaint and Amendment to Complaint, if any, with the appurtenances; and it is further

ORDERED and ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place, to the plaintiff, the sum of $1,201,116.86 together with interest thereon to be computed as aforesaid with the plaintiff's costs to be taxed with lawful interest thereon, and that an execution for that purpose be duly issued out of this Court directed to the Sheriff of Burlington County, commanding said Sheriff to make sale according to law of the mortgaged premises described in the Complaint and Amendment to Complaint, if any, and out of the money arising from said sale, that said Sheriff pay in the first place, to the plaintiff, said plaintiff's debt, with interest

thereon as aforesaid and plaintiff's costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale than shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court to abide the further Order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay as required by the rules of this Court; and it is further

ORDERED and ADJUDGED that the defendants in this cause, and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in, and to said mortgaged premises described in the Complaint and Amendment to Complaint, if any, when sold as aforesaid by virtue of this judgment and it is further

ORDERED AND ADJUDGED that this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Statute (NJSA 2A: 18-61-1 et seq.).

_____
Respectfully recommended
R. 1:34-3 OFFICE OF FORECLOSURE
Maria Marinari Sypek, P.J.Ch.