UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Dr. Lem Burnham and Barbara Burnham,
Individually & as h/w
109 Muirfield Court                                    07CV6101 (JBS) (KMW)
Moorestown, NJ 08057,

       Plaintiffs,     MOTION DAY:
 -against-            SEPTEMBER 20, 2010

WMC Mortgage Corp., Mortgage Electronic Registration
Systems, Inc., HomEq Servicing Corporation, Barclays
Capital Real Estate, Inc., d/b/a HomEq Servicing, Apex
Financial Group, Inc. d/b/a Aapex Mortgage, Darren Ginas
d/b/a Apex Financial Group, Inc. d/b/a Aapex Mortgage,
and Wells Fargo Bank, N.A.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT WMC MORTGAGE, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION

              DORSEY & WHITNEY LLP
              Attorneys for Defendant
              *WMC Mortgage, LLC*
              250 Park Avenue
              New York, NY 10177
              (212) 415-9200

Of Counsel:
  David A. Scheffel
  Laura M. Lestrade

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………..……………………………….……………...1

ARGUMENT…………………………………………………………………………….…..1

CONCLUSION………………………………………………………………………...…...3

-ii-

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Gravely v. Wabash National Corp. et al.*,
  Civ. No. 09-5435 (D.N.J.)............................................................................................1, 2

*Sporn v. Ocean Colony Condo. Ass'n*,
  173 F. Supp. 2d 244 (D.N.J. 2001) ..................................................................................2

**STATUTES**

28 U.S.C. § 1920.................................................................................................................3

Fed. R. Civ. P. 41(a)(2).......................................................................................................2

Truth in Lending Act (15 U.S.C. § 1601 *et seq.*)...............................................................3

Defendant WMC Mortgage LLC, successor-in-interest to WMC Mortgage Corp. ("WMC"), respectfully submits this Reply Memorandum of Law in further support of its motion for reconsideration on the grounds that the dismissal of this action should be with prejudice.

## PRELIMINARY STATEMENT

This action should be dismissed with prejudice. It has been pending for almost three years. All discovery is completed. The Court has granted summary judgment in favor of WMC on all claims except one, which Plaintiffs' counsel has conceded is moot and meritless. In opposition to this motion, Plaintiffs rely on one case which is not on point. For the reasons explained in its moving papers and those set forth below, the Court should modify the August 11, 2010 order which dismissed the instant action without prejudice (the "August 11th Order") to dismiss the action with prejudice or, in the alternative, to place certain conditions on the dismissal without prejudice.

## ARGUMENT

In their opposition to WMC's motion for reconsideration, Plaintiffs cite the Court's recent order in *Gravely v. Wabash National Corp.*, which dismissed that case without prejudice until March 1, 2011 and with prejudice thereafter, and with the condition that the plaintiffs must pay the defendant's costs if the plaintiffs file a subsequent action or reopen the same action based on or including the same claims. *See* Order, *Gravely v. Wabash National Corp. et al.*, Civ. No. 09-5435 (D.N.J. Aug. 31, 2010). However, there are a number of clear differences between the instant action and *Gravely* which dictate that, unlike *Gravely*, this action be dismissed with prejudice:

- The instant action has been before the Court for nearly three years, such that WMC has invested considerable time and resources in defending this action. By contrast, *Gravely* had been filed only ten months prior to its dismissal.

- All discovery, including depositions, were completed in the instant action. Conducting discovery required considerable time and expense on the part of WMC.

> By contrast, in *Gravely*, the defendant had made several requests for materials from the plaintiff and served interrogatories and document requests on the plaintiffs, but received no response to any of those requests. *See* Brief in Support of Defendant Wabash National Corporation's Motion for Summary Judgment, *Gravely v. Wabash National Corp. et al.*, Civ. No. 09-5435 (D.N.J. Aug. 17, 2010), at 5. The *Gravely* plaintiffs had responded only to the defendant's request for admission. *Id.* The limited discovery in *Gravely* was therefore far less consequential than the complete discovery taken in the instant action.

- The Court dismissed all but one of Plaintiffs' claims on WMC's summary judgment motion in the instant action. However, in *Gravely*, the plaintiffs moved to dismiss the action pursuant to Rule 41(a)(2) before the Court was required to decide the defendant's summary judgment motion on its merits.

- Plaintiffs' counsel in the instant action – who also represented the *Gravely* plaintiffs – has conceded that Plaintiffs' remaining cause of action for rescission of the mortgage at issue lacks merit. *See* Declaration of David A. Scheffel, dated August 25, 2010 ("Scheffel Decl."), Exhibit ("Exh.") Exh. C, ¶ 3. By contrast, in *Gravely*, there was no indication that the suit had become frivolous. Thus, there are no pending viable claims in the instant action, while *Gravely* was never decided on the merits and there was no indication that the plaintiffs' claims lacked merit.

These distinctions are precisely the sort that indicate that the instant action should be dismissed with prejudice, while *Gravely* could be conditionally dismissed without prejudice. *See Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (refusing to dismiss the case pursuant to Rule 41(a)(2) where the dispute underlying the case was four years old, significant discovery had been conducted, the merits of the legal issues were determinable and the defendants had incurred substantial expenses in defending the merits of the case and moving it toward resolution). The instant case was effectively disposed of in favor of WMC, and as Plaintiffs' counsel has conceded, further prosecution of this case would have "no real end" and be "potentially sanctionable." Scheffel Decl., Exh. C, ¶ 5. Accordingly, modification of the August 11th Order will preserve judicial resources and prevent prejudice to WMC.

In the event that the Court does not dismiss this action with prejudice, it should modify the August 11th Order to place the following conditions on the dismissal without prejudice:

(a)  Plaintiffs may only reopen the instant action in this Court;

(b) Prior to reopening the instant action, Plaintiffs must pay WMC's costs for the instant action as defined under 28 U.S.C. § 1920; and

(c) The statute of limitations for Plaintiffs' remaining cause of action for rescission under the Truth in Lending Act will expire on December 20, 2010.

## CONCLUSION

For the above reasons, WMC respectfully requests that its motion for reconsideration be granted and that the Court's August 11, 2010 order granting Plaintiffs' Motion to Dismiss be modified to dismiss the case with prejudice or, in the alternative, be modified to place certain conditions on the dismissal without prejudice.

Dated: September 13, 2010                             Respectfully submitted,

                                        /s/ Laura M. Lestrade
                                        David A. Scheffel
                                        Laura M. Lestrade
                                        DORSEY & WHITNEY LLP
                                        250 Park Avenue
                                        New York, New York 10177
                                        (212) 415-9365

                                        *Attorneys for defendant WMC Mortgage, LLC*