IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DR. LEM BURNHAM and BARBARA
BURNHAM,

              Plaintiffs,

    v.

WMC MORTGAGE CORP., et al.,

              Defendants.

HONORABLE JEROME B. SIMANDLE

Civil No. 07-6101 (JBS/KMW)


**MEMORANDUM OPINION**

**SIMANDLE,** District Judge:

    This matter is before the Court upon the motion of Defendant WMC Mortgage LLC ("WMC") for reconsideration. [Docket Item 63] THE COURT FINDS AS FOLLOWS:

    1.  Plaintiffs filed this action on December 21, 2007, alleging violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. §§ 56:8-1 to -195.  On June 21, 2010, this Court granted in part and denied in part Defendant WMC's motion for summary judgment, granting the motion as to all claims except for Plaintiffs' claim to rescind their WMC loans under 15 U.S.C. § 1635 based on Defendant's alleged failure to provide proper notice of the right to rescind. [Docket Items 54 & 55.]

    2.  On August 2, 2010, counsel for Plaintiffs filed a motion to withdraw, stating that further prosecution of the remaining rescission claim would be "moot" and "possibly be deemed Rule 11

violative or . . . a frivolous prosecution." (Pls.' Mot. for Leave to Withdraw ¶ 4, Docket Item 57.) On August 10, 2010, counsel for Plaintiffs withdrew the motion to withdraw, and filed a motion for voluntary dismissal pursuant to Rule 41, Fed. R. Civ. P. The Court granted the motion on August 11, 2010, dismissing the action without prejudice. [Docket Item 61.] The Court granted the motion to dismiss before Defendant WMC had the opportunity to respond to the motion in opposition.

3. On August 25, 2010, Defendant WMC filed the instant motion for reconsideration, purportedly under Fed. R. Civ. P. 60(b). Defendant argues that, rather than dismiss the action without prejudice, the Court should have instead dismissed the action with prejudice under Fed. R. Civ. P. 41(a)(2).

4. The Court will treat Defendant's motion as seeking reconsideration under Fed. R. Civ. P. 59(e) rather than vacating the Court's Order under Rule 60(b). Defendant seeks relief from the Court's August 11, 2010 Order under Fed. R. Civ. P. 60(b), but appears to cite the rule generally applied to motions for reconsideration under Fed. R. Civ. P. 59(e). Specifically, Defendant states that "[a] party seeking reconsideration must demonstrate '(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." (Def.'s Mot. for Reconsideration at 3; citing In re

2

Mercedes-Benz Tele Aid Contract Litig., Civ. No. 07-2720, 2010 WL 2976496, at *10 (D.N.J. Jul. 22, 2010).)  The Court notes that the standard cited and relief sought by Defendant is most commonly pursued in this Circuit via a motion under Rule 59(e). See, e.g., Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (applying three-prong standard to Rule 59(e) motion).  In the instant case, as Defendant moves the Court to alter its August 11, 2010 Order, dismissing the action with prejudice instead of without prejudice, the Court will construe Defendant's motion as a motion to alter or amend the Court's judgment pursuant to Rule 59(e).  See Holsworth v. Berg, 322 F. App'x 143, 146 (3d Cir. 2009) (interpreting motion for reconsideration to alter or amend judgment as the "functional equivalent of a Rule 59(e) motion").  Defendant's motion for reconsideration is also timely and appropriate under L. Civ. R. 7.1(i).

5.  The standard for reconsideration to alter or amend judgment must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  CIGNA Reinsurance Co., 52 F.3d at 1218.  In seeking reconsideration, the moving party must show more than mere disagreement with the

Court's earlier decision.  Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  In the instant case, Defendant argues that in granting Plaintiffs' voluntary motion to dismiss without allowing Defendant time to file opposition, as allowed under L. Civ. R. 7.1(d)(2), the Court committed a "clear error of law" or "manifest injustice".

6.  The Court will grant Defendant's motion and reconsider Plaintiffs' motion to voluntarily dismiss.  The motion by Plaintiffs to dismiss an action after a defendant has answered, as in the instant action, is governed by Fed. R. Civ. P. 41(a)(2).  While the decision whether to grant a Rule 41(a)(2) motion to dismiss without prejudice falls within the discretion of the Court, Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991), the Court should have permitted Defendant an opportunity to present its argument that such a dismissal in this case could prejudice it by subjecting it to further, potentially frivolous, litigation.

7.  As a general rule, when considering a motion for voluntary dismissal under Rule 41(a)(2), the Court should exercise its discretion with the aim of limiting voluntary dismissals that could prejudice the opposing party and, if necessary, impose curative conditions to prevent such prejudice. U.S. ex rel. Haskins v. Omega Inst., Inc., 11 F. Supp. 2d 555, 570 (D.N.J. 1998).

4

8.   In opposition to the instant motion for reconsideration, Plaintiffs rely, entirely, on the Court's Memorandum Opinion in Gravely v. Wabash National Corp., Civ. No. 09-5435, 2010 WL 3502757 (D.N.J. Aug. 31, 2010) (Simandle, J.).   In that Opinion, the Court granted in part and denied in part a plaintiff's motion to voluntarily dismiss an action without prejudice under Rule 41(a)(2).   The Court permitted dismissal without prejudice for a period of six months following the entry of the order, after which period the dismissal would be with prejudice.   Id. at *2. The Court reasoned that this would prevent unnecessary prejudice to the defendants in that action, as it would permit them finality of judgment within a reasonable time of the dismissal of the action.

9.   Aside from Plaintiffs' tacit admission that a reopening period limited to six months would be reasonable as in Gravely, there are important factors present in this case that warrant a dismissal with prejudice.   Namely, as Defendant points out, the present action had been before this Court for three years, and all discovery, including depositions, were completed at considerable expense to Defendant.   Further, although one claim barely survived Defendant's summary judgment motion, Plaintiffs' counsel has conceded that there is no good faith basis on which that claim could be pursued.   Moreover, Plaintiff has not suggested that some other related cause of action has been

discovered to exist, and certainly none that could not have been pursued by Plaintiffs during three years of litigation.  Thus, dismissal with prejudice becomes appropriate, rather than subjecting Defendant to the uncertainty and expenses inherent in a case that is not final.

10.  The Court holds that finality should be afforded to Defendant in the instant action.  The Court will grant Defendant's motion for reconsideration and will amend its prior Order of August 11, 2010, such that the action is dismissed with prejudice.  The accompanying Order will be entered.


**March 29, 2011**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge